QUESTION: Must a municipal mayor tender an irrevocable resignation in compliance with the Resign-to-Run Law when the term of his present office will expire on or before the time he would assume office, if elected to the office for which he seeks to qualify?
SUMMARY: The Resign-to-Run Law, s. 99.012, F.S., as amended by Ch. 74-76, Laws of Florida, only requires resignation when an officer's present term would run concurrently with or overlap the term of the office for which he seeks to qualify. The factual circumstances against which you pose the question include a statement that the term of the office you presently hold terminates by act of law by April 1, 1975, and the term of the office for which you seek to qualify does not commence until April 1, 1975. It is clear that the Resign-to-Run Law does not require resignation under the circumstances described in your letter. As noted in AGO 074-210, the Resign-to-Run Law . . . only requires resignation when an individual's present term would run concurrently with or overlap the term of office for which he seeks to qualify. Thus, where a city commissioner's present term would expire prior to or simultaneously with the time he would assume the office of mayor, if elected, he would not be required to resign to run. Accordingly, your question is answered in the negative.